UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER J. DONOVAN pro se, )
    Plaintiff, )
     )
V. )  C.A. NO.: 04-10614RWZ
     )
CITY OF WOBURN, CITY OF )
WOBURN LICENSE COMMISSION, )
PAUL WENTWORTH, J. KEVIN )
MAGUIRE, OWEN MCCAFFREY, )
STEVE PARIS AND EDWARD )
ROBERTSON, )
    Defendants. )

## DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

### Introduction

1. This paragraph calls for legal conclusions which the defendants are not qualified to make, therefore, no answer is required. If a response is required, the defendants deny the allegations contained in paragraph 1 of the complaint.

2. The defendants deny the allegations contained in paragraph 2 of the complaint.

### Parties

3. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 3 of the complaint.

4. The defendants admit the allegations contained in paragraph 4 of the complaint.

5. The defendants admit the allegations contained in paragraph 5 of the complaint.

6. The defendants admit the allegations contained in paragraph 6 of the complaint.

7. The defendants deny that J. Kevin Maguire is now a member of the Woburn License Commission, but admit the remaining allegations contained in paragraph 7 of the complaint.

8. The defendants admit the allegations contained in paragraph 8 of the complaint.

9. The defendants admit the allegations contained in paragraph 9 of the complaint.

10. The defendants admit the allegations contained in paragraph 10 of the complaint.

## Jurisdiction

11. This paragraph calls for legal conclusions which the defendants are not qualified to make, therefore, no answer is required. If a response is required, the defendants deny the allegations contained in paragraph 11 of the complaint.

## Facts

12. The defendants admit the allegations contained in paragraph 12 of the complaint.

13. The defendants deny the allegations contained in paragraph 13 of the complaint.

14. The defendants deny the allegations contained in paragraph 14 of the complaint.

15. The defendants deny the allegations contained in paragraph 15 of the complaint.

16. The defendants deny the allegations contained in paragraph 16 (and subparts thereto) of the complaint.

17. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 17 of the complaint.

18. The defendants deny the allegations contained in paragraph 18 of the complaint.

19. The defendants deny the allegations contained in paragraph 19 of the complaint.

20. The defendants deny the allegations contained in paragraph 20 (and all subparts thereto) of the complaint.

21. The defendants deny the allegations contained in paragraph 21 of the complaint.

22. The defendants admit the plaintiff submitted an application for a full package store license, but deny the remaining allegations contained in paragraph 22 of the complaint.

23. The defendants admit the allegations contained in paragraph 23 of the complaint.

24. The defendants admit the allegations contained in paragraph 24 of the complaint.

25. The defendants admit the plaintiff was denied a full package store license, but deny the remaining allegations contained in paragraph 25 of the complaint.

26. The defendants deny the allegations contained in paragraph 26 of the complaint.

27. The defendants deny the allegations contained in paragraph 27 of the complaint.

28. The defendants deny the allegations contained in paragraph 28 of the complaint.

29. The defendants deny the allegations contained in paragraph 29 of the complaint.

## Other Facts

30. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 30 of the complaint.

31. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 31 (and all subparts thereto) of the complaint.

32. The defendants deny the allegations contained in paragraph 32 of the complaint.

33. The defendants deny the allegations contained in paragraph 33 of the complaint.

## Facts Supporting RICO Violations And Other Violations

34. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 34 of the complaint.

35. The defendants admit the allegations contained in paragraph 35 of the complaint.

36. The defendants admit the allegations contained in paragraph 36 of the complaint.

37. The defendants deny the allegations contained in paragraph 37 of the complaint.

38. The defendants are without sufficient information to admit or deny the allegation as to the street value of package store licenses, but admit the remaining allegations contained in paragraph 38 of the complaint.

39. The defendants admit the plaintiff has been trying to obtain a package store license since 1995, but deny the remaining allegations contained in paragraph 39 of the complaint.

40. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 40 of the complaint.

41. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 41 of the complaint.

42. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 42 of the complaint.

43. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 43 of the complaint.

44. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 44 of the complaint.

45. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 45 of the complaint.

46. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 46 of the complaint.

47. The defendants deny the allegations contained in paragraph 47 of the complaint.

48. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 48 of the complaint.

49. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 49 of the complaint.

50. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 50 of the complaint.

51. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 51 of the complaint.

52. The defendants admit the allegations contained in paragraph 52 of the complaint.

53. The defendants deny the allegations contained in paragraph 53 of the complaint.

54. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 54 of the complaint.

55. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 55 of the complaint.

56. The defendants are without sufficient information to admit or deny the allegations contained in paragraph 56 of the complaint.

57. The defendants deny the allegations contained in paragraph 57 of the complaint.

58. The defendants deny the allegations contained in paragraph 58 of the complaint.

59. The defendants deny the allegations contained in paragraph 59 of the complaint.

60. The defendants deny the allegations contained in paragraph 60 of the complaint.

61. The defendants admit the allegations contained in paragraph 61 of the complaint.

62. The defendants deny the allegations contained in paragraph 62 of the complaint.

<u>RICO Schemes</u>

63. The defendants deny the allegations contained in paragraph 63 of the complaint.

64. The defendants deny the allegations contained in paragraph 64 of the complaint.

65. The defendants deny the allegations contained in paragraph 65 (and all subparts thereto) of the complaint.

66. The defendants deny the allegations contained in paragraph 66 of the complaint.

67. The defendants deny the allegations contained in paragraph 67 of the complaint.

68. The defendants deny the allegations contained in paragraph 68 (and all subparts thereto) of the complaint.

69. The defendants deny the allegations contained in paragraph 69 of the complaint.

70. The defendants deny the allegations contained in paragraph 70 of the complaint.

71. The defendants deny the allegations contained in paragraph 71 of the complaint.

72. The defendants deny the allegations contained in paragraph 72 of the complaint.

## COUNT I
(Breach of Contract)

73. The defendants repeat their responses to paragraphs 1 – 72 of this answer as if fully repeated and realleged herein.

74. The defendants deny the allegations contained in paragraph 74 of the complaint.

75. The defendants deny the allegations contained in paragraph 75 of the complaint.

## COUNT II
(Negligence)

76. The defendants repeat their responses to paragraphs 1 – 75 of this answer as if fully repeated and realleged herein.

77. The defendants deny the allegations contained in paragraph 77 of the complaint.

78. The defendants deny the allegations contained in paragraph 78 of the complaint.

79. The defendants deny the allegations contained in paragraph 79 of the complaint.

80. The defendants deny the allegations contained in paragraph 80 of the complaint.

81. The defendants deny the allegations contained in paragraph 81 of the complaint.

## COUNT III
(Due Process Clause Under Article XXIX of the Fourteenth Amendment of the Constitution of the Commonwealth – All Defendants)

82. The defendants repeat their responses to paragraphs 1 – 81 of this answer as if fully repeated and realleged herein.

83. The defendants deny the allegations contained in paragraph 83 of the complaint.

84. The defendants deny the allegations contained in paragraph 84 of the complaint.

85. The defendants deny the allegations contained in paragraph 85 of the complaint.

## COUNT IV
(Equal Protection Clause of a "Class of One" of the Fourteenth Amendment of the United States Constitution and Constitution of the Commonwealth – All Defendants)

86. The defendants deny the allegations contained in paragraph 86 of the complaint.

87. The defendants deny the allegations contained in paragraph 87 of the complaint.

88. The defendants deny the allegations contained in paragraph 88 of the complaint.

89. The defendants deny the allegations contained in paragraph 89 of the complaint.

## COUNT V
(First Amendment Rights of the United States Constitution and Constitution of the Commonwealth – All Defendants)

90. The defendants repeat their responses to paragraphs 1 – 89 of this answer as if fully repeated and realleged herein.

91. The defendants deny the allegations contained in paragraph 91 of the complaint.

92. The defendants deny the allegations contained in paragraph 92 of the complaint.

7

93. The defendants deny the allegations contained in paragraph 93 of the complaint.

## COUNT VI
(Conspiracy – All Defendants)

94. The defendants repeat their responses to paragraphs 1 – 93 of this answer as if fully repeated and realleged herein.

95. The defendants deny the allegations contained in paragraph 95 of the complaint.

96. The defendants deny the allegations contained in paragraph 96 of the complaint.

97. The defendants deny the allegations contained in paragraph 97 of the complaint.

## COUNT VII
(Fraud and Willful Deception – All Defendants)

98. The defendants repeat their responses to paragraphs 1 – 97 of this answer as if fully repeated and realleged herein.

99. The defendants deny the allegations contained in paragraph 99 of the complaint.

100. The defendants deny the allegations contained in paragraph 100 of the complaint.

101. The defendants deny the allegations contained in paragraph 101 of the complaint.

102. The defendants deny the allegations contained in paragraph 102 of the complaint.

103. The defendants deny the allegations contained in paragraph 103 of the complaint.

## COUNT VIII
(Federal RICO Act – WLC, Robertson, Paris, Wentworth, Maguire and McCaffery)

104. The defendants repeat their responses to paragraphs 1 – 103 of this answer as if fully repeated and realleged herein.

105. The defendants deny the allegations contained in paragraph 105 of the complaint.

106. The defendants deny the allegations contained in paragraph 106 of the complaint.

107. The defendants deny the allegations contained in paragraph 107 of the complaint.

108. The defendants deny the allegations contained in paragraph 108 of the complaint.

109. The defendants deny the allegations contained in paragraph 109 of the complaint.

110. The defendants deny the allegations contained in paragraph 110 of the complaint.

## COUNT IX
(Intentional Infliction of Emotional Distress – All Defendants)

111. The defendants repeat their responses to paragraphs 1 – 110 of this answer as if fully repeated and realleged herein.

112. The defendants deny the allegations contained in paragraph 112 of the complaint.

Wherefore, the defendants respectfully request that this Court dismiss the plaintiff's complaint and award defendants costs and attorneys fees incurred in the defense of this matter.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants hereby state that the plaintiff's complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that their actions are immune from pursuant, as they were discretionary functions.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the defendants' actions are entitled to qualified and good faith immunity.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff failed to exhaust all avenues of appeal available to him.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants say that the plaintiff cannot recover for the reason that the has plaintiff failed to give proper notice of the damages allegedly suffered by the plaintiff to the defendant, as required by General Laws Chapter 258.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the action is barred by applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the service of process was deficient.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that process was deficient.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the action and conduct of the defendants, to the extent they occurred as alleged were undertaking in the good faith and performance of their official duties without malice and are therefore privileged under applicable law.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that this action consists of a claim based upon the performance or failure to perform the discretionary function or duty on the part of a public employer or public employee, at use of his office or employment, and therefore, the plaintiff cannot recover in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant, City of Woburn, is immune from intentional tort liability pursuant to General Laws Ch. 258, §10.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants, Wentworth, Maguire and McCaffery are immune from liability pursuant to General Laws Ch. 258, §2.

### THIRTEENTH AFFIRMATIVE DEFENSE

The action and conduct of the defendants Wentworth, Maguire and McCaffery, to the extent they occurred as alleged, were objectionably reasonable under the circumstances of which they were aware, and they enjoy a qualified immunity from suit and all liability arising therefrom.

### FOUREENTH AFFIRMATIVE DEFENSE

The defendant City of Woburn is immune from liability pursuant to General Laws Ch. 12, §11.

### FIFTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state the plaintiff's claim is barred by the doctrines of res judicata and collateral estoppel.

### JURY CLAIM

The defendants hereby request a trial by jury as to all counts of the plaintiff's complaint.

Respectfully submitted,
Defendants,
By their Attorneys,

/s/ Andrew S. Brooslin
Leonard H. Kesten, BBO #542042
Andrew S. Brooslin, BBO #638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA  02116
(617) 880-7100

Dated:  April 21, 2004