UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN pro se,<br>    Plaintiff,<br><br>V.<br><br>CITY OF WOBURN, CITY OF<br>WOBURN LICENSE COMMISSION,<br>PAUL WENTWORTH, J. KEVIN<br>MAGUIRE, OWEN MCCAFFREY,<br>STEVE PARIS AND EDWARD<br>ROBERTSON,<br>    Defendants. | C.A. NO.: 04-10614RWZ |

DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

From 1984 to present – copies of minutes to all Woburn License Commission (WLC hereafter) public hearings to which a liquor license was "original" issued by the WLC. This will include restaurant liquor license pursuant to MGL c. 138, s. 12. This will not include minutes in which a license was transferred.

RESPONSE 1

The defendants object to this request on the grounds that it is overly broad, unduly vague, unduly burdensome, not properly limited as to time, seeks documents which are irrelevant, immaterial and beyond the scope of permissible discovery under Federal Rule of Civil Procedure 26. Notwithstanding nor waiving said objection, attached as exhibit 1 are copies of all minutes from the WLC from 1995 to the present.

REQUEST NO. 2

Copies of minutes to WLC's public hearings in which the WLC allowed Giles Liquor and Salem Street Liquors to expand. August 1995 minutes, 1997 minutes and June 2000 minutes.

RESPONSE NO. 2

Please see exhibit 2.

REQUEST NO. 3

Copy of City of Woburn's insurance policy that covers damages set forth in plaintiff's complaint.

RESPONSE NO. 3

Please see exhibit 3.

REQUEST NO. 4

Copies of all internal letters, memorandums or any other documents <u>from the WLC</u> to the office of the mayor, office of the building commissioner, office of the city solicitor and Woburn Police Department regarding matters that revolved around liquor licenses from 1984 to the present.

RESPONSE NO. 4

The defendants object to this request on the grounds that it is overly broad, overly burdensome, not properly limited to time and seeks documents within the scope of the attorney client privilege and exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26.

REQUEST NO. 5

Copies of all internal letters, memorandums or any other documents <u>from the office of the city solicitor</u> to the WLC, office of the building commissioner, office of the mayor and Woburn Police Department regarding matters that revolved around liquor licenses from 1984 to present.

RESPONSE NO. 5

The defendants object to this request on the grounds that it is overly broad, overly burdensome, not properly limited to time and seeks documents within the scope of the attorney client privilege and exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26.

REQUEST NO. 6

Copies of all internal letters, memorandums or any other documents <u>from the office of the building commissioner</u> to the WLC, office of the mayor and office of the city solicitor regarding matters that revolved around liquor licenses from 1984 to present.

RESPONSE NO. 6

The defendants object to this request on the grounds that it is overly broad, overly burdensome, not properly limited to time and seeks documents within the

scope of the attorney client privilege and exceeds the scope of permissible discovery under Federal Rule of Civil Procedure 26.

                                  Respectfully submitted,
                                  The defendants,
                                  By their attorneys,

                                  Andrew S. Brooslin, BBO# 638238
                                  Brody, Hardoon, Perkins & Kesten, LLP
                                  One Exeter Plaza
                                  Boston, MA 02116
                                  (617) 880-7100

Dated: March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 3·14·05