UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN pro se,<br>    Plaintiff,<br><br>V.<br><br>CITY OF WOBURN, CITY OF<br>WOBURN LICENSE COMMISSION,<br>PAUL WENTWORTH, J. KEVIN<br>MAGUIRE, OWEN MCCAFFREY,<br>STEVE PARIS AND EDWARD<br>ROBERTSON,<br>    Defendants. | C.A. NO.: 04-10614RWZ |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Now come the defendants and respectfully requests this Court deny the plaintiff's motion for partial summary judgment as issues of material fact exist relative to the plaintiff's equal protection claims and he is not entitled to judgment as a matter of law.

### I.   STATEMENT OF THE CASE

The plaintiff's action arises out of denials by the Woburn Licensing Commission ("WLC") of applications by Peter J. Donovan d/b/a Corporate Wine & Gift ("Donovan") and Boston Beer & Wine Company, Inc. ("BBWC"), a Massachusetts Corporation in which Mr. Donovan was an officer and shareholder, for a package store license pursuant to G.L. c. 138 § 15. (Plaintiff's Complaint, Exhibit 2). BBWC was the corporate entity requesting the license until 2001. Beginning in 2001, Donovan began requesting the license individually, doing business as Corporate Wine & Gift. Donovan alleges the denials of his applications violate his Equal Protection Rights and First

Amendment Rights. He further alleges that the denials of both his applications and the applications of BBWC are part of a RICO scheme which dates back to 1978. (Exhibit 2).

On August 5, 2003, the WLC issued a denial of the application of Peter Donovan d/b/a Corporate Wine & Gift ("Donovan") based on a variety of factors, including an absence of public need. (Letter dated August 5, 2003 from WLC to Donovan, Exhibit 9). Defendants, Paul Wentworth and Owen McCaffrey, members of the WLC, voted to deny Donovan's application. (Exhibit 9). Donovan filed a certiorari action in Middlesex Superior Court against City of Woburn, WLC, and the individual members of the WLC claiming the decision was an abuse of discretion, was an arbitrary and capricious action and constituted an error of law. Summary judgment was granted to the defendants on the grounds on the grounds that the license denial was not an abuse of discretion, was neither arbitrary nor capricious and did not constitute an error of law. (Corrected Memorandum of Decision, Exhibit 10). Donovan appealed the decision to the Massachusetts Appeals Court. Oral arguments were held on March 10, 2005. (Exhibit 2).

The plaintiff seeks partial summary judgment on his Equal Protection claims (Count III) against Paul Wentworth and Owen McCaffrey relative to the WLC's August 5, 2003 denial of his § 15 application. The defendants contend disputed issues of material fact exist and summary judgment is not appropriate.

## II. STANDARD OF REVIEW

Summary judgment is inappropriate when the record reflects a genuine dispute as to a material fact. See Fed.R.Civ.P. 56(c). The court, in its analysis of a summary judgment motion, must view the evidence on record in a light most

2

favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 324-325 (1986). Additionally, all factual inferences from the evidence must be drawn in favor of the non-moving party. Id.

### III. ARGUMENT

#### A. Licensing Standards

G.L. c. 138 § 15, grants towns and cities in the Commonwealth the authority to issue licenses authorizing the sale of beverages not to be drunk on the premises. These licenses are commonly known as package store licenses. The nature of such licenses and the power of a license granting authority to refuse an applicant are set forth in G.L. c. 138 § 23. The statute, in relevant part, states:

> The provisions for the issue of licenses [under § 15] imply no intention to create rights generally for persons to engage. . . in the transaction of business  authorized by [§ 15], but are enacted with a view only to serve the public need  and in such a manner as to protect common good and, to that end, tthe provinden inf licensing authorities, an adequate number of places at pulbildh tthay obtain . . . the different sort of beverages for the sale of which [§ 15] is made.
> G.L. c. 138 § 23.

Liquor licenses may be granted or revoked at will by the licensing authority. Opinion of the Justices, 349 Mass. 794, 797 (1985). G.L. c. 138 § 23 grants the licensing authority to deny an application if, in their opinion, the applicant fails to meet the requirements of G.L. c. 138 or any other reasonable requirements may make from time to time. G.L. c. 138 § 23. For example, an authority may reject an applicant if, in the authority's opinion, at the time of the application a "public need" for the applicant's business does not exist because there are an adequate number of § 15 licensees in the area. Id.; See Ballarin, Inc. v. Licensing Bd. Of Boston, 49 Mass. App. Ct. 506 (2000); Boston Licensing Board

3

v. Alcoholic Beverages Control Commission, 26 Mass. App. Ct. 275, 276 (1988) (affirming local authority's denial of application due to high concentration of package stores in immediate vicinity); See also McDonald's Cafe, Inc. v. Mackey, 3 Mass. L.Rptr. 7 (Nov. 7, 1994), 1994 WL 879540 (Mass.Super., Gershengorn, J.) (affirming denial of application for seven day liquor license to tavern based on local authorities determination of lack of public need due to other seven day licenses in area).

Public need is not to be understood in the literal; rather, the test for public need "includes an assessment of public want" and appropriateness. Ballarin, Inc., 49 Mass. App. Ct. at 511. The licensing authority has very broad discretion in determining public good and convenience. Id.; See Great Atlantic & Pacific Tea Co. v. Board of License Com'rs of Springfield, 387 Mass. 833, 837 (1983); Liggett Drug Co. v. License Com'rs of N. Adams, 296 Mass. 41 (1936); Pronghorn, Inc. v. Licensing Bd. Of Peabody, 13 Mass. App. Ct. 70 (1982), *review denied*, 385 Mass. 1103 (1982); See also, Randall and Franklin, Municipal Law and Practice, 4th Ed., 18 M.P.S. §§ 432, 474. "Consideration of the number of existing dispensaries in a locality is a proper concern." Ballarin, Inc., 49 Mass. App. Ct. at 511. Additional factors a licensing authority may consider in determining whether to issue a license include: public opinion, traffic, noise, size, type of establishment and reputation of applicant. Id. In examining the licensing authority's decision, the court must extend due deference to the local licensing board, recognizing the special expertise such a board has regarding special problems that affect liquor licenses. Great Atlantic & Pacific Tea Co., 387 Mass. at 837. "Unless [the licensing authority's] discretion is exercised in a manner that is arbitrary or capricious or is based on improper or unlawful considerations, the policy

determined by the local board is substantially immune from judicial review." Pronghorn, Inc., 13 Mass. App. Ct. at 74. "A decision is not arbitrary and capricious unless there is no ground which 'reasonable [persons] might deem proper' to support it." T.D.J. Dev. Corp. v. Conservation Commn. of N. Andover, 36 Mass.App.Ct. 124, 128 (1994), *quoting*, Cotter v. Chelsea, 329 Mass. 314, 318 (1952).

    **B.**    **The August 5, 2003 application denial has been held valid by a Massachusetts State Court, thereby precluding the plaintiff's action**

In the pending motion for summary judgment, Donovan contends that the August 5, 2003, decision to deny him a § 15 violated his rights under the Equal Protection Clause of the 14th Amendment. Specifically, he contends that the denial of a liquor license was "based on 'pure' retaliation with the intent to harm, punish and 'to get' Donovan, and not limited to the following, for him (Donovan) filing suits in Federal and State Court against city politicians and other individuals that were politically connected, for him reporting certain politicians to federal and state authorities for illegal activity, etc, since 1995." He further contends alleges the decision was not based on "substantial evidence." (Plaintiff's Motion for Partial Summary Judgment and Supporting Brief).

Following the issuance of the August 5, 2003 decision, Donovan filed a certiorari action in Middlesex Superior Court against City of Woburn, WLC, and the individual members of the WLC claiming the denial was an abuse of discretion, was an arbitrary and capricious action and constituted an error of law. (Exhibit 10). Motions and cross-motions for summary judgment were filed by the parties. (Exhibit 10). In his motion for summary judgment, the plaintiff

made a myriad of arguments contending that WLC's decision was not supported by substantial evidence, was arbitrary and capricious, was a mistake of law and violated his right to equal protection, fee speech and due process. (Brief in Support of Plaintiff's Motion for Summary Judgment, Exhibit 11). In their cross motion for summary judgment, the defendants argued the denial was proper and met the requirements of G.L. ch. 138 § 15. The court granted the defendants' cross motion for summary judgment and denied the plaintiff's motion for summary judgment. (Exhibit 10).

Hon. S. Jane Haggerty held that the WLC properly assessed the "public need" for an eighth § 15 package store licensee in Woburn. (Exhibit 10). Donovan attempted a similar argument to that set forth in the pending motion; the decision was arbitrary and capricious because Woburn allowed other licensees to expand their locations yet denied his application. The court found that the expansion of the other licensees is irrelevant because they are not similarly situated to the plaintiff (they already have licenses) and the public needs test is a review of location, not size. (Exhibit 10). The WLC's denial was found to be proper and Donovan's complaint was dismissed. (Exhibit 10).

By way of his motion, Donovan is essentially seeking a review of the state court decision in this forum and hoping for a different decision. The issue of the validity of the WLC's decision voted upon by Wentworth and McCaffrey was adjudicated by the Middlesex Superior Court and the doctrine of collateral estoppel bars the plaintiff from re-litigating the issue. Aetna Casualty & Surety Company v. Niziolek, 395 Mass. 737. 740-742 (1985); Homeowners Federal Savings v. Northwestern Fire & Marine Insurance Company, 354 Mass. 448, 455 (1968); See Commonwealth v. Fallon, 53 Mass.App.Ct. 473, 473-474 (2001).

"Collateral estoppel, also known as issue preclusion, does not require mutuality of parties, so long as there is an identity of issues, a finding adverse to the party against whom it is being asserted and a judgment by a court or tribunal of competent jurisdiction." Miles v. Aetna Casualty and Surety Company, 412 Mass. 424, 427 (1992). Judgment "refers to a *final* determination on the merits of the proceeding." Jarosz v. Palmer, 436 Mass. 526, 533 (2002) (*emphasis supplied*). The finding or judgment must be essential to a determination of the merits of the case. Id. A judgment, in the strictest sense of the term, is not required for a finding of issue preclusion; only that the finding is final. Id., *citing*, Tausevich v. Board of Appeals of Stoughton, 402 Mass. 146, 148 (1988); See Miles, 412 Mass. at 427 (noting an arbitration decision may have preclusive effect). "A determination is considered final when 'the parties were fully heard, the judge's decision is supported by a reasoned opinion, and the earlier opinion was subject to review or was in fact reviewed.'" Jarosz, 436 Mass. at 533-534, *quoting*, Tausevich, 402 Mass. at 149.

The doctrine of collateral estoppel precludes Donovan from claiming the decision violated his Equal Protection rights and was not supported by substantial evidence because Judge Haggerty found that the decision was proper, met the standards of G.L. c. 138 §§ 15, 23 and that the plaintiff is not similarly situated to the other license holders. See Miles, 412 Mass. at 427. The summary judgment motions and hearing concerned issues identical to those in the instant action and resulted in a finding adverse to the plaintiff. See Id. Further, Judge Haggerty issued a written decision the merits of the case which entered as a final judgment. See Jarosz, 436 Mass. at 533. As the issues set forth in the plaintiff's motion have been previously litigated, the doctrine of collateral

7

estoppel applies and the plaintiff's motion must be denied. <u>Aetna Casualty & Surety Co. v. Niziolek</u>, 395 Mass. 737, 742 (1985).[1]

## IV. CONCLUSION

For the foregoing reasons, the defendants respectfully request this Court deny the plaintiff's motion for partial summary judgment.

Respectfully submitted,

Defendants,
By their attorneys,

BRODY, HARDOON, PERKINS & KESTEN, LLP

/s Andrew S. Brooslin
_____
Andrew S. Brooslin, BBO No.: 638238
One Exeter Plaza, 12th Floor
Boston, MA 02116
(617) 880-7100

---

[1] In the matter of <u>Aetna Casualty & Surety Company v. Niziolek</u>, 395 Mass. 737, 742 (1985), the Supreme Judicial Court held that a party to a civil action against a criminal defendant may invoke collateral estoppel to preclude the criminal defendant from relitigating an issue decided in the criminal prosecution. <u>Id.</u> at 742. The criminal defendant had been convicted of arson in order to collect insurance proceeds. <u>Id.</u> The Court held that the criminal defendant was estopped from contesting whether he intentionally burned the subject property. <u>Id.</u>

## CERTIFICATE OF SERVICE

I, Andrew S. Brooslin, do hereby certify that the **Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment** was served on all parties of record via First Class Mail, postage pre-paid, on May 3, 2005, as follows:

Peter J. Donovan, Pro Se
35 Longmeadow Road
Arlington, MA 02474


Attorney: ____/s Andrew S. Brooslin_____


Dated: ____May 3, 2005___