# Exhibit 10

*CORRECTED MEMORANDUM OF DECISION*

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT
                                                        CIVIL ACTION
                                                        No. 03-3568

PETER J. DONOVAN,
Plaintiff

vs.

CITY OF WOBURN and others,[1]
Defendants

### MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

The plaintiff, Peter J. Donovan, pro se ("Donovan") has filed this action in the nature of certiorari, pursuant to G.L. c. 249, §4, and now moves for summary judgment. Donovan and the defendants, City of Woburn, City of Woburn License Commission, Paul Wentworth, J. Kevin Maguire and Owen McCaffrey ("the defendants") have filed a cross-motion for summary judgment. For the following reasons, Donovan's motion is **DENIED** and the defendants' cross-motion is **ALLOWED**.

### BACKGROUND

Peter Donovan has been trying to obtain a package store license pursuant to G.L. c. 138, § 15 in the city of Woburn since 1995. During that eight year period, there have been several incarnations of his business plan, but broadly stated he has sought to open up a niche business specializing in the sale of gift baskets containing fine wines and liquors. He intends to focus on corporate clients, and to transact business largely online and over the phone. For the most part, he

---

[1] City of Woburn License Commission, Paul Wentworth, J. Kevin Maguire and Owen McCaffrey.

plans to deliver products to buyers rather than relying on walk-in sales. Donovan has stated that he does not plan to advertise and only plans to open during limited hours. He intends to deliver exclusively during the day and only to businesses. He emphasizes that the residents of Woburn will not be his target market. Donovan has thus far been unable to open up this business because he has encountered many hurdles, including: zoning problems, license commission difficulties and mild community resistance.

A brief explanation of the procedural posture of this case and other related cases provides some context. Over the time period during which he has been seeking this license, Donovan has appealed decisions by the Woburn Licensing Commission (WLC) and the Woburn Zoning Board (WZB) to this Court. See Middlesex Civil Action Nos: 02-2230 and 02-3386. Generally, the zoning issues impeded Donovan's progress in securing a liquor license. On June 19, 2003, after finally putting the zoning issues to rest, Donovan filed another application for a full package store liquor license.[2] The WLC held a hearing on Donovan's application on July 31, 2003, and issued a decision on August 5, 2003, denying Donovan a full package store liquor license.

The WLC's written decision outlined its reasons for denying Donovan's application. The WLC stated: based on population, there was only marginal need to issue the license; Woburn had the highest ratio of package stores per thousand people when compared to surrounding towns based on an November 30, 2001 survey by WLC member Paul Wentworth; there were six package stores located within two miles of the Woburn city limits; the WLC was unable to condition a license to comply with its concerns; the WLC had concerns about controlling a mail order delivery business and about later transfer of the license to a traditional package store.

---

[2] Previously Donovan's company had been called Boston Beer and Wine Company, but in his June 19, 2003 application he had changed the name to Corporate Wine and Gift.

Donovan challenges the WLC's decision, arguing that it is arbitrary and capricious, and based on error of law. He attacks most pointedly the WLC's finding that there was no public need for another package store, in light of the fact that the WLC has allowed two other existing package stores to more than double in size during the period in which Donovan has been trying to obtain this license.

## DISCUSSION

Donovan's complaint in the nature of certiorari pursuant to G.L. c. 249, § 4 is the appropriate procedure for review of the decision issued by the WLC. Ballarin, Inc. v. Licensing Board of Boston, 49 Mass. App. Ct. 506, 510 (2000).[3] The ambit of this Court's review is limited to determining whether the WLC has made an error of law, or abused its discretion, consequently constituting arbitrary or capricious action. Id. at 511, Dixie's Bar, Inc. v. Boston Licensing Board, 357 Mass. 699, 703 (1970). The court does not substitute its judgment for that of the WLC. Ballarin, Inc., 49 Mass. App. Ct. at 511, Great Atlantic & Pacific Tea Co. v. Board of License Commissioners of Springfield, 387 Mass. 833, 837 (1983).

The City of Woburn has authorized the WLC to make decisions on applications for package store licenses pursuant to G.L. c. 138, § 15. General Laws c. 138, § 23 describes the licensing power that the WLC exercies when reviewing an application for a G.L. c. 138 § 15 license as follows:

> The provisions for the issue of licenses and permits hereunder imply no intention to create rights generally for persons to engage or continue in the transaction of the business authorized by the licenses or permits respectively, but are enacted with a view only to serve the public need and in such a manner as to protect the common good and, to that end, to provide, in the opinion of the licensing authorities, an adequate number of places at which

---

[3] The defendants argue that Donovan has not exhausted his administrative appeals with the Alcoholic Beverages Control Commission (ABCC), and that review by this Court is improper, or at the very least, premature. The Court disagrees. Judge Kern stated on June 17, 2002 in open court on this matter that returning to the ABCC "would be pointless" in light of the lengthy route this case, and its predecessor cases have taken. This matter is appropriately before this Court.

3

the public may obtain, in the manner and for the kind of use indicated, the different sorts of beverages for the sale of which provision is made.

G.L. c. 138, § 23.

Local licensing boards examine many factors when looking at an application for a package store license. One of those factors is public need. In assessing public need, a licensing authority's role is to gauge the "want and the appropriateness of a liquor license at a particular location." Ballarin, Inc., 49 Mass. App. Ct. at 511. Proximity of a location to schools, number of other "dispensaries in a locality[,]" and the views of the community are suitable considerations for determining public need. Id., See Connolly v. Alcoholic Bevs. Control Commn., 334 Mass. 613, 617-618 (1956), Victoria, Inc. v. Alcoholic Bevs. Control Commn., 33 Mass. App. Ct. 507, 514 (1992), Beacon Hill Civic Assn. v. Ristorante Toscano, Inc., 422 Mass. 318, 322 n. 4 (1996). Beyond public need, other factors that a licensing board may consider, include: traffic, noise, size, character of the operation seeking the license, and the reputation of the applicant. Ballarin, Inc. v. Licensing Board of Boston, 49 Mass. App. Ct. at 511.

In its decision, the WLC focuses first on the lack of public need for issuing a package store license to Donovan. Its decision states that the population of the city was not significant enough to warrant issuance of another license, that there are a sufficient number of package stores closeby in neighboring municipalities, and that in late 2001, Woburn had the highest ratio of package stores per thousand people, as compared to surrounding communities. Donovan makes several arguments, all countering that there is a public need. He cites community support, a gap in the market for the type of business he plans to operate, and that Woburn in fact does not have the highest number of package stores per thousand people as compared to adjoining cities and towns. These arguments

are not within the scope of the court's review. Donovan's arguments urge the court to review the evidence, and come to a different conclusion than that of the WLC. This is not the court's function.

Donovan makes one argument as to public need that the court may consider, which posits that the WLC's decision was arbitrary and capricious. Donovan points to the undisputed fact that the WLC allowed two package store license holders to expand their facilities between 1997 and 2000, in total, accounting for an additional 6,000 square feet of retail space for the sale of alcohol. This, he argues, indicates that the WLC was duplicitous in denying his application, based in part on lack of public need, because there must have been a need for more alcohol as the WLC permitted others to expand.[4] Whether this seemingly incongruous behavior by the WLC constitutes arbitrary or capricious action requires a closer look.

In its decision, the WLC clearly does not concern itself with how many square feet of alcohol selling space there is in Woburn. The WLC addresses the number of locations, not the size of such locations. The WLC allowed no other new applications for package store licenses since Donovan first applied in 1995. The WLC's treatment of previously licensed locations does not factor into its public need analysis, nor must it. In reference to public need, G.L. c. 138, § 23, provides that local licensing authorities have the power to give licenses to an "adequate number of places" allowing them to sell alcohol. The statute makes no mention of the size of such places. In Ballarin, the Appeals Court states that the public needs test is specific to the location where the license is sought. 49 Mass. App. Ct. at 511. That the WLC did not address the expansion of other locations, does not discount its public need basis for denying Donovan's application. These expanded locations already

---

[4] The defendants contend the expansions between 1997 and 2000 supports their decision in that by the time the WLC denied Donovan's application, the alcohol needs of Woburn were met by recently expanded locations. The court rejects this argument, as the WLC consistently opposed Donovan's application long before the 2003 denial that is the subject of the instant case.

have full package store licenses and are not engaged in the same licensing procedure at the same time as Donovan's quest for a license. As the public needs test is location specific, the treatment of other license holders not engaged in the licensing process is not relevant to Donovan's application.

The second part of the WLC decision focuses on a few remaining concerns that it has about Donovan's application. Under G.L. c. 138, § 15, the WLC is unable to tailor a full package store license to the kind of business that Donovan said he would open. As a result, the WLC was concerned that after it issued the license Donovan would be free to alter his business plan, or at some point in the future, sell the license to a traditional package store. At that point the WLC would be without recourse. The court does not find these reasons underlying the WLC's decision to be arbitrary or capricious, or to constitute an error of law.

## ORDER

For the foregoing reasons, Donovan's Motion for Summary Judgment is **DENIED** and the defendants' Cross-Motion for Summary Judgment is **ALLOWED**.

*S. Jane Haggerty*
S. Jane Haggerty
Justice of the Superior Court

DATED: February 23, 2004