UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER J. DONOVAN pro se, )
    Plaintiff, )
 )
V. ) C.A. NO.: 04-10614RWZ
 )
CITY OF WOBURN, CITY OF )
WOBURN LICENSE COMMISSION, )
PAUL WENTWORTH, J. KEVIN )
MAGUIRE, OWEN MCCAFFREY, )
STEVE PARIS AND EDWARD )
ROBERTSON, )
    Defendants. )

### DEFENDANTS' STATEMENT OF DISPUTED FACTS PURSUANT TO L.R. 56.1

Pursuant to Fed.R.Civ.P. 56, the defendants request that this Honorable Court deny the plaintiff's Motion for Partial Summary Judgment. As grounds therefore, the defendants submit their Opposition to Plaintiff's Motion for Summary Judgment filed contemporaneously herewith and provides the following statement of disputed facts.

### STATEMENT OF DISPUTED FACTS

For the purposes of this Opposition only, the defendants state the following:

1. In 1998, Mr. Donovan filed a civil action in this court against City of Woburn, WLC, John Rabbit, Robert Dever, and three member of the WLC, including Wentworth and Maguire, for denying the 1995 application of BBWC. Mr. Donovan alleged the WLC's denial of BBWC's license application violated state law as well as Donovan's due process rights, First Amendment rights and the RICO statute. All of the federal claims were dismissed for failure to state a

claim upon which relief may be granted. (Memorandum of Decision, attached hereto as Exhibit 1). The court also held that Mr. Donovan did not have standing to assert the rights of the corporate entity, BBWC, and that the individually named defendants were entitled to qualified immunity. (Exhibit 1).

2. Donovan first applied for an alcoholic beverage license for retail sale, pursuant to G.L. ch. 138 § 15, as an individual, on October 13, 2001. All prior licenses applications executed by Mr. Donovan in Woburn were made as an officer and/or shareholder of Boston Beer and Wine Company, Inc. (BBWC) (Plaintiff's Complaint, Exhibit 2).

3. A hearing on Donovan's application was held on November 29, 2001. At the hearing the Woburn Licensing Commission ("WLC") voiced a number of issues, including zoning, with Donovan's application. The WLC voted to withdraw Donovan's application without prejudice until these issues were addressed. (License Commission Meeting Minutes, dated November 29, 2001, Exhibit 3).

4. On April 24, 2002, Donovan filed a new application for a § 15 license at a different location in Woburn. (License Application, dated April 24, 2002, Exhibit 4). At the WLC hearing on May 30, 2002, concerns were raised about zoning issues and the outstanding Writ of Mandamus issued by the Superior Court. (License Commission Meeting Minutes, dated May 30, 2002, Exhibit 5).

5. Donovan subsequently filed a civil actions against Woburn Licensing Commission, Woburn Zoning Board of Appeals, the individual members of the Licensing Commission and the Zoning Board of Appeals and the Building Commissioner. On May 15, 2003, an agreement for judgment was reached by the parties. (Agreement for Judgment, Exhibit 6). Under the terms of the agreement,

Donovan would re-apply to the WLC for a § 15 license. If his application was accepted, the City of Woburn agreed not to pursue zoning issues and Donovan agreed to operate his business pursuant to certain conditions. (Exhibit 6).

6. Donovan submitted an amended § 15 application on or about July 3, 2003. (License Application, dated July 3, 2003, Exhibit 7). The hearing on Donovan's application was held on July 31, 2003. (Exhibit 2).

7. J. Kevin Maguire, Chairman of the WLC, recused himself from the hearing. Paul Wentworth served as Acting Chairman of the WLC for the purposes of the hearing. (Affidavit of Paul Wentworth, Exhibit 8).

8. The WLC denied the plaintiff's application after determining there was no public need in the City of Woburn for an eighth § 15 license. (Letter dated August 5, 2003 from WLC to Donovan, Exhibit 9; Exhibit 8). WLC members Wentworth and Owen McCaffrey voted to deny Donovan's application and signed the decision. (Exhibit 9).

9. Donovan filed a certiorari action in Middlesex Superior Court against the City of Woburn, the WLC and the members of the WLC seeking review of the WLC's denial of his § 15 license application. (Exhibit 2).

10. The court granted the defendants' motion for summary judgment. The court held that the WLC's denial of the Donovan's application was not an abuse of discretion, was neither arbitrary nor capricious, and did not constitute an error of law. (Corrected Memorandum of Decision, Exhibit 10). The court further held that the treatment of the license holders who were permitted to expand their locations was not relevant to Donovan's application. (Exhibit 10).

11. Donovan appealed the Superior Court decision to the Massachusetts Appeals Court. Oral Arguments were held on March 10, 2005. (Exhibit 2).

Respectfully submitted,
Defendants,

By their attorneys,

/s Andrew S. Brooslin

---
Andrew S. Brooslin, BBO No.: 638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100