UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN pro se,<br> Plaintiff,<br><br>V.<br><br>CITY OF WOBURN, CITY OF<br>WOBURN LICENSE COMMISSION,<br>PAUL WENTWORTH, J. KEVIN<br>MAGUIRE, OWEN MCCAFFREY,<br>STEVE PARIS AND EDWARD<br>ROBERTSON,<br> Defendants. | C.A. NO.: 04-10614RWZ |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND PRE-TRIAL ORDER

Now come the defendants and respectfully request that this Court deny the plaintiff's motion to amend the pre-trial order to include an order that this Court order the issuance of the liquor license sought by the plaintiff if a "jury determines that defendants violated plaintiff's rights in any way shape or form."

As this court is well aware, the plaintiff filed a certiorari action in Middlesex Superior Court in August 2003 against the Woburn License Commission and the City of Woburn seeking a review of the License Commission's decision to deny the plaintiff's application for a G.L. c. 138 § 15 license. The Middlesex Superior granted summary judgment to the License Commission and the City of Woburn. The Massachusetts Appeals Court is presently deciding whether the decision was valid and whether to grant a license to the plaintiff. As the action was initially filed, and is still pending, in State Court, the State Court has the power to issue the license. The plaintiff is attempting to circumvent the Massachusetts Appeals Court. An intent which is clear given he has just

submitted a motion to the Appeals Court requesting they delay their decision until after the trial of this action. If the plaintiff's motion is allowed, the result, could be two incongruous decisions. The plaintiff could be awarded a license by this Court which the Appeals Court determines, either before or after a judgment is rendered by this Court, that he was not entitled to receive because the basis for the denial was valid. Further, the plaintiff has not submitted any authority to support his position that he is entitled to the license if a jury determines either his First Amendment or Equal Protection rights have been violated or that this Court has the authority to grant the plaintiff a license if he succeeds on either his First Amendment or Equal Protection. A finding for the plaintiff in this action does not entitle him to the G.L. c. 138 § 15 license.

Wherefore the defendants respectfully request this Honorable Court deny the plaintiff's motion to amend the pre-trial order.

> Respectfully submitted,
> Defendants,
> By their attorneys,
>
> /s Andrew S. Brooslin
> _____
> Andrew S. Brooslin, BBO No.: 638238
> Brody, Hardoon, Perkins & Kesten, LLP
> One Exeter Plaza
> Boston, MA 02116
> (617) 880-7100

Dated: July 22, 2005