UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PETER J. DONOVAN     )
                     )
VS.                  )     Case Number: 04-10614RWZ
                     )
CITY OF WOBURN, et al. )
                     )

### PLAINTIFF'S MOTION IN OPPOSITION TO HAVING PLAINTIFF ATTEND DEFENDANTS DEPOSITION SCHEDULED FOR AUGUST 8, 2005 AND OTHER MATTERS

Now comes the Plaintiff and he moves this Honorable Court to having him attend Defendants deposition scheduled for August 8, 2005 and other matters. Here are the reasons why depositions should not take place;

1. Defendants have not fully complied or acted in good faith in providing information that the plaintiff has requested. For example, the plaintiff has asked the defendants to provide cell phone numbers and cell phone carriers from each defendant. To this date the defendants have not provided said information even with a court order. This court ordered them to provide said information back in January 2005 and they have not complied with court's order.

2. The plaintiff has been before the WLC on numerous occasions since 1995. The Plaintiff has filled out a number of liquor license applications which ask for personal information. The plaintiff has been under oath before the ABCC and MA Superior Court with the defendants asking him all kinds of questions. So what are they looking for now? The plaintiff has answered everything that can be possibly answered that is relevant to this matter.

3. Regarding Amended Pretrial Order – this court can order license to be issued on a civil rights violation, just as the state appeals court can under an administrative law procedure under MGL c. 249. A civil rights violation has more weight than any "administrative law procedure" the state has in place under MGL c. 249. It would be a futility for the plaintiff to go through a full trial on civil rights violations without having damages that include the liquor license. In most cases of this type before the MA Appeals Court, they will "remand" matter back to lower court or city of Woburn for further hearing if Plaintiff prevails at the Appeals Court level. Because this matter is going on in Federal Court, the MA Appeals Court could also remand matter to this court. The only guarantee the plaintiff has in obtaining this license is in Federal Court on a civil rights violation.

Plaintiff moves this Honorable Court to allow plaintiff to skip defendant's deposition because they have had more than enough time to research plaintiff's background since 1995 and it would be a futility to go forth with said deposition especially when a trial is set for August 29, 2005. Also, this court must include the language in Pretrial Order of ordering liquor issued upon a verdict of civil rights violation in any way shape or form.

Dated: August 1, 2005

Peter J. Donovan
35 Longmeadow Road
Arlington, MA 02474
781-643-2848

### Certificate of Service

I, Peter J. Donovan, mail a copy of this motion via first class mail on August 1, 2005 to Defendants Attorney. Signed under the pains and penalty of perjury.

Peter J. Donovan

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER J. DONOVAN pro se, )
    Plaintiff, )
 )
V. )   C.A. NO.: 04-10614RWZ
 )
CITY OF WOBURN, CITY OF )
WOBURN LICENSE COMMISSION, )
PAUL WENTWORTH, J. KEVIN )
MAGUIRE, OWEN MCCAFFREY, )
STEVE PARIS AND EDWARD )
ROBERTSON, )
    Defendants. )

## NOTICE OF TAKING DEPOSITION OF
## PLAINTIFF, PETER J. DONOVAN

TO:  Peter J. Donovan
      35 Longmeadow Road
      Arlington, MA 02472

Please take notice that on the 8th day of August, 2005, at 10:00 a.m., at the offices of Leonard H. Kesten and Andrew S. Brooslin, Brody, Hardoon, Perkins & Kesten, LLP, One Exeter Plaza, Boston, Massachusetts 02116 the defendants in the above-entitled action, by their attorneys, will take the deposition upon oral examination of the plaintiff, Peter J. Donovan, pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

Respectfully submitted,
Defendants,
By their Attorneys,

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7/13/05
_/s/ Andrew Brooslin_

_/s/ Andrew Brooslin_
Leonard H. Kesten, BBO #542042
Andrew S. Brooslin, BBO #638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: July 13, 2005