UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN pro se,<br>    Plaintiff,<br><br>V.<br><br>CITY OF WOBURN, CITY OF<br>WOBURN LICENSE COMMISSION,<br>PAUL WENTWORTH, J. KEVIN<br>MAGUIRE, OWEN MCCAFFREY,<br>STEVE PARIS AND EDWARD<br>ROBERTSON,<br>    Defendants. | C.A. NO.: 04-10614RWZ |

**DEFENDANTS' MOTION TO CONTINUE TRIAL**

Now come the defendants and respectfully request that this Court continue the trial of this action, presently scheduled for August 29, 2005, until after the Massachusetts Appeals Court renders a decision in the matter of <u>Peter J. Donovan v. City of Woburn, et al.</u>, Civil Action No.: 04-P-734, which arises out of the same set of facts as the pending action. Holding a trial before the Appeals Court issues its decision is a waste of judicial resources as the Appeals Court decision will determine the disputed issues in this case and will be dispositive of the pending action under the doctrines of collateral estoppel and res judicata.

I.   **BACKGROUND**

The plaintiff contends that his Equal Protection and First Amendment Rights were violated as a result of the License Commission's denial of his application for a G.L. c. 138 § 15 package store license in 2003 as well as the Commission's denial of the 2001 application of Boston Beer and Wine Company,

Inc, a Massachusetts corporation. (hereinafter "BBWC"). The plaintiff was the President of BBWC.[1]

As this court is well aware, the plaintiff filed a certiorari action in Middlesex Superior Court in August 2003 against the Woburn License Commission and the City of Woburn seeking a review of the License Commission's decision to deny the plaintiff's application for a G.L. c. 138 § 15 license. Under Massachusetts law, the City of Woburn can only issue eight (8) § 15 package store licenses. Seven licenses have been issued. The plaintiff is seeking the eighth license. The Licensing Commission denied the plaintiff the license on the grounds that there is no public need for the issuance of an additional package store license. The plaintiff, acting pro se, alleged the decision was arbitrary and capricious, constituted an error of law, constituted an abuse of process and an abuse of discretion. He further alleged in his complaint that the state court "must consider . . . [t]he possibility that the WLC and its members violated [the plaintiff's] 14th Amendment Rights to Equal Protection (under color of federal; and state law) as a 'class of one' pursuant to the United States Constitution . . ." and that the denial was "in retaliation ... [for] being a constant critic of members of the WLC and other politicians and for [him] exposing members of the WLC and other politicians in lawsuits filed in [state] court and federal court." In essence, these are the same First and Fourteenth Amendment claims set forth in the amended complaint and which are to be the subject of the trial. He also alleges damages in excess of $250,000.00, as he does

---

[1] In 1998 the plaintiff filed an action in this court, Donovan v. City of Woburn, et al., 98-10540-LPC, as a result of the Commission's 1998 denial of BBWC's application. The Court wrote in its Memorandum of Decision that the plaintiff did not have standing to make claims against the defendants on behalf of BBWC.

in the amended complaint in this action. (Complaint, attached hereto as Exhibit 1).

The Middlesex Superior held the denial was proper under G.L. c. 138 § 15 and granted summary judgment to the License Commission and the City of Woburn. The plaintiff filed his appeal requesting that the Appeals Court overturn the trial court's decision and grant him the license. Twenty-two days later the plaintiff filed this action. Oral arguments were held in March 2005. The parties are awaiting a decision from the Massachusetts Appeals Court.

## II. ARGUMENT

The state court action is dispositive of the pending action and, in the interests of judicial economy, the court should continue this action until the Appeals Court renders a decision. See Liberty Mutual v. Foremost-McKesson, Inc., 751 F.2d 475, 477 (1st Cir. 1985), *citing*, Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 8-9 (1983); See also Albertson v. Millard, 345 U.S. 242 (1953); 5 A.L.R. Fed. 10 § 2[b]. Further, by proceeding prior to the final determination of the state court action a judgment could be rendered which would be in conflict with the one rendered by the state court. See Liberty Mutual, *supra* at 477; See also Wolf v. Dist. Ct., 235 F. 69 (9th Cir. 1916) (holding stay proper pending final determination in state court due to possibility of conflicting judgments).

The plaintiff raises the same decisive issues in both the state and federal actions: whether the Woburn Licensing Commission, its members and the City of Woburn improperly denied the plaintiff's application for a G.L. c. 138 § 15 license; whether such action violated his rights and whether he sustained damages. The state court obtained jurisdiction over the issue when the plaintiff

3

filed his action in Middlesex Superior Court in 2003 and holds jurisdiction over the issue until the Appeals Court renders a decision. See Princess Lida v. Thompson, 305 U.S. 456 (1939).

The issues raised in this action are identical to those previously raised in state court. In fact, the state court complaint is much broader than the narrow focus of the two claims before this court. The decision of the Appeals Court will have a collateral estoppel and res judicata effect upon the pending action. San Remo Hotel, L.P. v. City and County of San Francisco, CA, 125 S.Ct. 2491, 2500-2501 (2005); Miles v. Aetna Casualty and Surety Company, 412 Mass. 424, 427 (1992). The Appeals Court decision will preclude the litigation of the issues alleged in the subject action. Id.; Liberty Mutual, supra at 477. A trial is unnecessary and a wasteful duplication of judicial resources given the pending state appeal which involves the same issues of law and will be determinative of the subject action. See Chicopee v. Sullivan, 379 F.Supp. 569 (D.Mass. 1974) (holding that for reasons of comity and judicial efficiency, federal court should stay or refuse to hear action when suit pending in state court between same or similar parties on identical issues where state court has jurisdiction to adjudicate all issues and federal court can only adjudicate a portion of the claim); See Warwick v. New Jersey Dept. of Environmental Protection, 647 F.Supp 1322 (S.D.N.Y. 1986) (holding stay of proceeding pending state court decision permissible to avoid duplication of judicial resources and to have benefit of state view). In the state court action, the plaintiff raises the same federal issues set forth in the amended complaint and which are the subject of the upcoming trial. Like in Chicopee, supra, the Appeals Court may address both the state and federal claims raised in the state court complaint. Only the Appeals Court may

4

grant the plaintiff the license which is the only relief he truly seeks. Given the identical issues raised in the complaints and the ability of the state court to decide all issues involved in this matter (which will preclude further litigation) and this court's ability to decide only a portion of the claims, a continuance is necessary.

A trial continuance is also necessary to prevent conflicting judgments from the state and federal courts. The fact-finding performed by this court may conflict with that of the state court. The Appeals Court could determine the License Commission's decision was improper and violated the plaintiff's rights, thereby awarding the plaintiff the license; meanwhile, a jury may decide the Commission acted properly and find no violation of the plaintiff's rights. Obviously the reverse is possible as well. Such a result should be avoided. See Liberty Mutual, *supra*. It is in the best interests of the court and the parties to continue the trial until after a decision by the Appeals Court. Id.; See Wolf, *supra*. The parties will not be prejudiced by any delay. If the plaintiff is victorious in this forum, he is only entitled to monetary damages, not a license. He will be compensated for any delay in holding the trial by additional interest added to any judgment rendered by this court if a trial occurs. Further, given that it has been six months since oral arguments, a decision from the Appeals Court is likely imminent.

### III.  CONCLUSION

For the foregoing reasons, the defendants respectfully request a continuance of the August 29, 2005 trial until after the Massachusetts Appeals Court renders a decision in the state court action.

Respectfully submitted,
Defendants,
By their Attorneys,

*S/ Andrew S. Brooslin*
Leonard H. Kesten, BBO No.: 542042
Andrew S. Brooslin, BBO No.: 638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: August 11, 2005