UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER J. DONOVAN pro se, )
    Plaintiff, )
)
V. ) C.A. NO.: 04-10614RWZ
)
CITY OF WOBURN, CITY OF )
WOBURN LICENSE COMMISSION, )
PAUL WENTWORTH, J. KEVIN )
MAGUIRE, OWEN MCCAFFREY, )
STEVE PARIS AND EDWARD )
ROBERTSON, )
    Defendants. )

## DEFENDANTS' MOTION IN LIMINE TO LIMIT TESTIMONY

Now come the defendants and respectfully request this court limit the testimony and evidence at trial to decisions and actions taken by the defendants in response to G.L. ch. 138 § 15 applications submitted by the plaintiff to the Woburn Licensing Commission between November 1, 2001 and August 5, 2003 only.

I.    **INTRODUCTION**

The plaintiff has unsuccessfully sought a G.L. ch. 138 § 15 license from the Woburn Licensing Commission ("WLC") since 1995. The plaintiff alleges in his amended complaint that the defendants' denial of his license applications in 2001 and 2003 violated his First Amendment and Fourteenth Amendment rights. The amended complaint does not contain any allegations of Constitutional rights violations regarding the defendants' actions or decisions prior to 2001. The plaintiff intends to offer testimony and documents at trial regarding decisions and actions of the defendants prior to November 1, 2001, as evidence of violations of his First Amendment and Fourteenth Amendment rights. Such

testimony and evidence should be precluded because the plaintiff has no standing to bring such claims and the claims are barred by the statute of limitations as well as collateral estoppel.

## II. ARGUMENT

### A. The plaintiff has no standing to make claims based on the defendants' actions prior to November 1, 2001.

Prior to November 2001, the plaintiff never submitted a § 15 license as an individual. All prior applications were made by Boston Beer and Wine Company, Inc.'s ("BBWC"). BBWC is a registered Massachusetts corporation. The plaintiff was the president of BBWC and a shareholder in the corporation at all relevant times.

The plaintiff filed an action in this court in 1998, Peter Donovan v. City of Woburn, et al.[1] Civil Action No.: 98-10540-LPC, alleging the WLC's denials of Boston Beer and Wine Company, Inc.'s ("BBWC") § 15 license applications violated his First Amendment and Due Process rights, the RICO statute as well as various state laws. This court entered judgment in favor of the defendants. The court focused on the fact that the applications were filed by the BBWC, not the plaintiff. The plaintiff, therefore, did not have standing to make any claims against the defendants. (Memorandum of Decision, p. 3, attached hereto as Exhibit 1). The court held that "[u]nder settled principles, absent a proper derivative action, a shareholder - even a sole shareholder – does not have standing to assert the rights of a corporate entity under the Civil Rights statutes. [*citations omitted*]" (Exhibit 1).

---

[1] In addition to the City of Woburn, the plaintiff also named the following parties to this action as defendants in the 1998 action: Woburn Licensing Commission, J. Kevin Maguire, and Paul Wentworth.

2

The plaintiff has no standing to assert the rights of the BBWC in this action and, therefore, any reference to the actions or decisions of the defendants regarding any applications submitted by BBWC must be precluded at trial.

### B.     The Statute of Limitations has expired

The plaintiff filed his complaint on March 30, 2004. His claims are subject to the three year statute of limitations. The plaintiff is not permitted to introduce any evidence or testimony concerning claims arising prior to March 30, 2001.

### C.     Collateral Estoppel bars the plaintiff's First Amendment claims based on the defendants' decisions prior to November 1, 2001

The plaintiff alleged in his prior action that BBWC was denied a license in retaliation for the plaintiff's letter writing campaign to the media and others concerning his perceptions of corruption in the City of Woburn. In determining that the plaintiff failed to allege a claim for First Amendment retaliation, the court highlighted the fact that the plaintiff failed to demonstrate that the defendants took an adverse action against him. (Exhibit 1, p. 12-13). "[T]he application which was denied was the application of BBWC, not the plaintiff. Accordingly, the plaintiff has not established, and cannot, establish, that the defendants 'took an adverse action against the plaintiff' under the Arrington[2] calculi" (*emphasis in original*) (Exhibit 1, p. 13.). The court further found that the plaintiff failed to allege any "specific and nonconclusory factual allegations" from which one could reasonably infer that the denial was prompted or caused by the plaintiff's First Amendment activity.

The court's holding that the plaintiff can not make First Amendment claims relative to the denials of the BBWC's applications prohibits the plaintiff

---

[2] Arrington v. Dickerson, 915 F.Supp. 1516 (M.D.Ala. 1996).

from making any such claims in this action. Under the doctrine of collateral estoppel, the plaintiff is precluded from testifying or setting forth any evidence concerning the defendants' decisions or actions prior to the plaintiff's submission of his own personal license application on November 1, 2001.[3]

### III. CONCLUSION

For the foregoing reasons, the defendants respectfully request the court grant this motion and preclude any testimony and evidence concerning the defendants' actions or decisions prior to November 1, 2001.

Respectfully submitted,

Defendants,

By their Attorneys,

_____/s/ Andrew S. Brooslin_____
Leonard H. Kesten, BBO No.: 542042
Andrew S. Brooslin, BBO No.: 638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

---

[3] At the very least, collateral estoppel prohibits the plaintiff from making any First Amendment claims regarding the denials of the BBWC's applications which were the subject of the 1998 lawsuit.

4