UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER J. DONOVAN pro se, )
    Plaintiff, )
     )
V. )    C.A. NO.: 04-10614RWZ
     )
CITY OF WOBURN, CITY OF )
WOBURN LICENSE COMMISSION, )
PAUL WENTWORTH, J. KEVIN )
MAGUIRE, OWEN MCCAFFREY, )
STEVE PARIS AND EDWARD )
ROBERTSON, )
    Defendants. )

### DEFENDANTS' MOTION IN LIMINE TO
### EXCLUDE EXPERT TESTIMONY

Pursuant to Fed. R. Civ. P. Rules 37(c)(1), defendants City of Woburn, et al, respectfully requests that this Court exclude the testimony of David Humphrey CPA, CVA, and Dr. Marcus, for any purpose for which their testimony may be offered in this action. As grounds for this Motion, the plaintiff does not comply with even the most basic requirements of Fed. R. Civ. P. Rule 26(a)(2)(B). On August, 16, 2005, just two weeks before trial, the plaintiff served the defendants with the names of his experts, Mr. Humphreys and Dr. Marcus. The only material accompanying the names of the experts was a brief summary of Mr. Humphrey's findings. (See Mr. Humphrey's Report on Income Projections, attached hereto as Exhibit 1). The plaintiff failed to provide actual expert reports, the basis of such reports, and the credentials of the experts to testify. In addition to his disregarding of the basic Rule 26(a)(2)(B) report requirements, the plaintiff also did not serve the notice in a timely manner. The plaintiff cannot show that his failure to comply with Rule 26(a)(2)(B) was "substantially justified" or that it was "harmless." Mr. Humphrey's report, along

with his and Dr. Marcus' testimony therefore, should be excluded in accordance with Rule 37(c)(1).

## ARGUMENT

I. **MR. HUMPHREY'S TESTIMONY SHOULD BE EXCLUDED BECAUSE HIS EXPERT REPORT DOES NOT COMPLY WITH FED. R. CIV. P. RULE 26(A)(2)(B).**

Mr. Humphrey's expert report falls well-short of the requirements set forth in Fed. R. Civ. P. Rule 26(a)(2)(B); therefore, pursuant to Rule 37(c)(1), this Court should exclude any testimony which Mr. Humphreys may offer. Rule 26(a)(2)(B) directs a party to submit "a written report prepared and signed by the witness." Rule 26(a)(2)(B) further instructs: the report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; ... the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial by deposition within the proceeding four years. (emphasis added).

Rule 37(c)(1) provides, "a party that without substantial justification that fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness ... not so disclosed."  Mr. Humphrey's report does not satisfy any of Rule 26(a)(2)(B)'s requirements.  Moreover, plaintiff cannot demonstrate a "substantial justification" for his failure to comply with Rule 26(a), nor can he establish that such failure was "harmless."

First, Mr. Humphrey's report does not contain a "complete statement of all opinions to be expressed and the basis therefore." (See Exhibit 1). Mr.

2

Humphrey's report amounts to nothing more than a half-page of conclusory and vague bullet-point statements. As the Advisory Committee explained in its note to the 1993 Amendments to Rule 26, Rule 26(a)(2)(B) is intended to provide a party with a detailed roadmap of an expert's anticipated direct examination in order to allow a "reasonable opportunity to prepare for effective cross examination" and to reduce, if not obviate, the need for expert depositions.

Additionally, paragraph (2)(B) requires that testifying experts must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefore. The Federal Courts have further explained that, "the test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." Reed v. Binder, 165 F.R.D. 424, 429 (D.N.J. 1996). Specifically, "[e]xpert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." Salgado v. General Motors Corp., 150 F.3d 735, 742 n. 6 (7th Cir. 1998); Ordon v. Karpie, Civil Action No. 3:01cv1951, 2004 U.S. Dist. LEXIS 14417, 1-3 (D. Conn. March 26, 2004); Reed v. Binder, 165 F.R.D. 424, 429, n. 5 (D.N.J. 1996). Review of Mr. Humphrey's report, reveals that it lacks the characteristics that are espoused by the Federal Courts.

Mr. Humphrey's report is neither "detailed" nor "complete," nor does it afford the defendants with a "reasonable opportunity to prepare for cross examination." With respect to his report, Mr. Humphrey's financial estimates of the plaintiff's "earnings potential" reads like a story missing several crucial chapters. It is up to the reader to fill in the analytical gaps: a process that Rule 26(a)(2)(B) is intended to proscribe.

Second, Mr. Humphrey's report does not state his "compensation" and does not "list[] any other cases in which [he] has testified as an expert at trial or by deposition within the preceding four years." These omissions are grounds alone for excluding Mr. Humphrey's testimony. See <u>Norris v. Murphy</u>, Civil Action No. 00-12599, U.S. Dist. LEXIS 10795 1, 6-14 (D. Mass. June 26, 2003).

In short, Mr. Humphrey's report (for lack of a better term) fails to comply with almost every requirement of <u>Rule 26(a)(2)(B)</u>. In addition, there is neither a "substantial justification" for failing to follow <u>Rule 26(a)(2)(B)</u>, nor can this failure to follow the rule be described as "harmless." Any testimony offered by Mr. Humphrey in this action should, therefore, be excluded.

## II. MR. HUMPHREY SHOULD BE PRECLUDED FROM TESTIFYING BECAUSE HIS REPORT WAS UNTIMELY SERVED; DR. MARCUS SHOULD BE PRECLUDED FROM TESTIFYING BECAUSE HE FAILED TO SUBMIT A REPORT.

<u>Rule 26(a)(2)(C)</u> requires each party to disclose an expert report for each expert witness within 90 days of the trial unless otherwise stipulated by the Court or the parties. If the expert testimony is purely to contradict rebuttal testimony disclosed by another party, then the disclosure must be made within 30 days after disclosure by the other party. <u>Callahan v. A.E.V., Inc., 182 F.3d 237 (Third Circuit 1999)</u>. In the present case, the plaintiff disclosed Mr. Humphrey's report just fifteen days prior to trial. No stipulations were made by the Court or agreed to by the parties that can justify the plaintiff's flagrant disregard for the "90 day" rule. The untimely disclosure of Mr. Humphrey's report to the defendants was a clear violation of <u>Rule 26</u>.

Even more egregious than disclosing Mr. Humphrey's report two weeks before trial, was the plaintiff's failure to disclose any type of report from Dr.

4

Marcus. Without an expert report from Dr. Marcus, the defendants are left to guess at what the Doctor might testify to at trial. As mentioned above, Rule 26(a)(2)(B) directs a party to submit "a written report prepared and signed by the witness." The report is intended to provide a party with a roadmap of an expert's anticipated direct examination in order to allow a "reasonable opportunity to prepare for effective cross examination." Absent a report, the plaintiff violates Rule 26 on many levels, the least of which should result in the Court excluding the testimony of Dr. Marcus.

III. **MR. HUMPHREY AND DR. MARCUS' TESTIMONY SHOULD BE EXCLUDED FROM TRIAL BECAUSE THE PLAINTIFF FAILED TO DISCLOSE THEM AS EXPERT WITNESSES WITHIN 90 DAYS OF THE TRIAL AND ALSO FAILED TO DISCLOSE THE QUALIFICATIONS OF THE WITNESSES.**

Rule 26(a)(2)(C) also requires each party to disclose the "identity" and "qualification[s]" of its expert witnesses within 90 days before the trial date. In the present case, the plaintiff did not notify the defendants that Mr. Humphrey and Dr. Marcus would be serving as expert witnesses until just two weeks prior to trial. This is a blatant violation of Rule 26. Compounding this violation was the plaintiff's failure to disclose the qualifications of the expert witnesses. Both violations are grounds for excluding the testimony of the witnesses.

V. **CONCLUSION**

WHEREFORE, defendants City of Woburn, et al, respectfully requests that this Court:

A. Order that plaintiff Peter Donovan be precluded from offering the testimony of Mr. David Humphrey, CPA, CVA for any purpose in this action;

B. Order that plaintiff Peter Donovan be precluded from offering the testimony of Dr. Marcus, M.D. for any purpose in this action;

C. Grant such further relief as this Court deems just and appropriate.

Respectfully submitted,<br>
Defendants,<br>
By their Attorneys,<br>
<br>
/s/ Andrew S. Brooslin<br>
Leonard H. Kesten, BBO No.: 542042<br>
Andrew S. Brooslin, BBO No.: 638238<br>
Brody, Hardoon, Perkins & Kesten, LLP<br>
One Exeter Plaza<br>
Boston, MA 02116<br>
(617) 880-7100

Dated: August 26, 2005