UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN, )<br>    Plaintiff )<br>                          )<br>VS.                   )<br>                          )<br>CITY OF WOBURN, et al. )<br>    Defendants.   )<br>_____) | Case Number: 04-10614RWZ |

### PLAINTIFF'S MOTION FOR RECONSIDERATION

Now come the plaintiff and respectfully request that this Honorable Court reconsider its decision and continue trial. Even though the defendants raised the res judicata defense in their answer, it was too late to bring matter up three weeks before trial and again on the day of trial especially after this court denied defendants motion to continue trial on same grounds. What this court did at the day of trial was give the defendants a second bite at the apple!

This matter should not be delayed because of pending Massachusetts Appeals Court case which addresses the state issue of arbitrary and capricious only. The state case has nothing to do with freedom of speech or equal protection. The plaintiff has requested them to remand matter to this court once decision is issued.

### I.    Claim of Res Judicata and Collateral Estoppel As Affirmative Defenses Were Raised To Late by Defendants.

Defense counsel (Kesten) is well aware that pulling these last minute snafus will backfire! In _Davignon v. Clemmey_, 1st US Ct of Appeals 01-1862, the defense did not bring up the affirmative defense of res judicata in their answer to complaint, nor in any of their pre-trial pleadings. Defense brought it up towards the end of plaintiffs' case. The court ruled that it was too late to raise the affirmative defense.

The matter before this court is no different because the defendants had plenty of chance to raise these defenses (res judicata and collateral estoppel) and other affirmative defenses prior to pre-trial conference and at pre-trial conference held on July 12, 2005 and they failed to do so.

1

In addition, the defendants waived their right to the affirmative defense of collateral estoppel and res judicata when they failed to object to Donovan's statement (state court) that he would be filing a separate complaint to address constitutional issues in the future.

The matter before this court is as follows;

    *A.*    Res judicata was raised by the defendants as an affirmative defense in their answer. But it was just one of fifteen "boiler plate" defenses in their answer. Fifteenth Affirmative Defense states *"by way of affirmative defense, the defendants state the plaintiff's claim is barred by the doctrine of res judicata and collateral estoppel."*

    B.    The original complaint was filed in March 2004. Not once prior to the pre-trial conference of July 12, 2005 was the affirmative defense of res judicata raised in any of the defenses pleadings or responses, except in their answer. For example, the plaintiff sought partial summary judgment in March 2005, the defendant's claimed the affirmative defense of collateral estoppel, not res judicata.

    C.    Both parties conducted full discovery including depositions, production of documents and interrogatories.

    D.    Prior to pre-trial conference held on July 12, 2005, the defendants did not file a motion to dismiss or motion for summary judgment raising the affirmative defense of res judicata or any other affirmative defenses that they listed in their answer.

    E.    At pre-trial conference, the defendants were represented by the competent counsel who did not once mentioned res judicata, collateral estoppel or any other affirmative defenses listed in their answer. They agreed with the issues on the pre-trial order dated July 13, 2005. In addition they had at least one month's notice of this pre-trial conference. After pre-trial conference, the defendants never filed a motion to amend pre-trial order to include affirmative defenses raised in answer.

    F.    On July 12, 2005 defense counsel handed plaintiff an Amended Rule 16.1 Joint Statement – in regards to a new discovery plan, a new proposed motion schedule and that trial not be heard by magistrate judge. All being scheduled for 2006. Donovan never agreed to the terms of amended joint statement. This is evidence that the defendants wanted to delay trial for a later date and that defendants have acquiesced to lawsuit. Also see K. below and Exhibit A.

2

G.    On August 11, 2005 the defendants sought a motion to continue trial. They raised the affirmative defenses of collateral estoppel and res judicata. This motion was filed one month after pre-trial order was issued and less than three weeks prior to scheduled trial. This court denied said motion on August 17, 2005. Exhibit B.

H.    In regards to the plaintiff's state court case, in his motion for summary judgment filed with state court in November 2003, he stated the following;

> *"In this motion, the plaintiff is <u>only</u> seeking judicial review on the license matter (Count One - Arbitrary and Capricious). The plaintiff has not made any formal claims in this complaint regarding constitutional issues. A formal complaint regarding such issues will be filed in the near future". Exhibits D1 and D2- page 19.*

The defendants did not object to above statement in their opposition to summary judgment brief (Exhibits E1, E2), in their cross motion for summary judgment (Exhibits F1, F2), at oral arguments in state court (Exhibit G), in their opposition to plaintiff's reconsideration (Exhibit J) and they did not object to this statement or federal case being filed in their brief to Massachusetts Appeals Court (Exhibit K). Please note: the federal case was filed in March 2004 and defendants submitted their brief to state appeals court in September 2004. In fact the defendant's opposition to Donovan's summary judgment (state) – they stated that the constitutional issues are irrelevant and should not be considered. And in their cross motion for summary judgment – they stated "The plaintiff alleges the decision was arbitrary and capricious and made with malice and was an abuse of process", not mentioning anything about equal protection and freedom of speech.

It is quite obvious by the state court's decision (Exhibit H) that they did not take into consideration the plaintiff's constitutional issues mentioned in his complaint – not once in their decision is freedom of speech or equal protection mentioned. The state court understood Donovan's intentions regarding his constitutional claims so they did not address them in their decision. Also note that plaintiff did not raise any constitutional issues in his motion for reconsideration (Exhibit I) and in his brief to the state appeals level. (Exhibit L)

I.  In May 2005, plaintiff notified Massachusetts Appeals Court that this matter was going on in US District Court and that any decision on their part could not be remanded back to Woburn, because Wentworth and McCaffery are being sued in this court. The defendants did not object to this notification. (Exhibit M)

J.  In July 2005, the plaintiff requested that Massachusetts Appeals Court delay its decision until US District Court civil rights trial is over which was scheduled for August 29, 2005. A copy of pre-trial order was forwarded to state appeals court. The defendants did not object to this delay. (Exhibit M).

K.  Furthermore, it was quite apparent on the day of trial that the defendants were on a fishing expedition trying to get this trial continued at all cost when they introduced a release of judgment stipulation between parties. Again, bringing it up at the last minute! Please note it is an election year in Woburn and the current mayor has a very competent, very professional and well liked person running against him. A jury would have decided this matter once and for all by early September if this trial went on. Any negative news from this case could have impacted this election, because the city had a chance to settle this matter at no cost to them. (See Exhibit N front page news coverage of this story before this court) This kind of information could have been be used against the current mayor prior to election. In addition, the defense had knowledge that Justice Zobel's schedule is booked up through November 2005, again putting this matter off for at least two months. This is an abuse of the judicial system!

L.  Defense council has had settlement talks with the city regarding this matter. Again, indicating that something is valid with plaintiff's complaint.

M.  The plaintiff has worked diligently and invested a substantial amount of money and time into his trial preparation. This includes blowing off a job interview on the Friday before trial to which plaintiff was a finalist for the job all in order to prepare for trial. Plaintiff did not get job. In addition, the plaintiff's name has been tainted due to the local news coverage of this event.

## II.  LAW:

Rule 8(c) of the Federal Rules of Civil Procedure requires a party to set forth affirmatively "res judicata" - claim preclusion – in their answer. The defendants did raise this claim and fourteen others in their answer. They failed to raise any one of them at pre-trial

conference held on July 12, 2005. The parties agreed that trial was set for August 29, 2005 and that issues on pre-trial order were the issues at hand. The defendants never sought to amend the pre-trial order to include their affirmative defenses.

While trial judges have discretion to grant leave to amend the pleadings to add an affirmative defense at a later juncture, undue delay and imminence of trial are factors that should be considered in making that determination. See Sharon v. City of Newton, 437 Mass. 99, 102, 769 N.E. 2d 738 (2002) and cased cited. The last minute assertion of the defense here – on the day of trial after jury was selected – undermined "Rule 8 (c)'s core purpose – to act as a safeguard against surprise and unfair prejudice," Wolf v. Reliance Standard Life Ins. Co., 71 F.3d 444, 450 (1st Cir. 1995), and should not be excused particularly where the defendants had acquiesced to the plaintiffs' suit – conducting full discovery, proceeding through pre-trial hearings and jury selection barely raising the defense (in answer, plus fourteen other affirmative defenses) and in a motion to continue trial less than three weeks before trial to which this court denied said motion.

Moreover, the defendants' untimeliness contravened another purpose of the Rule, "to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense." In re: Cumberland Farms, Inc., 284 f. 3d 216, 226 (1st Cir. 2002) (internal citations omitted). The plaintiff was deprived of notice of the defense through the pleadings or otherwise, especially after this court originally denied defense. Compare id at 226-227. Consequently, the plaintiff prepared for trial without any hint that the effect of his pending state case would be in dispute on the day of trial, especially after pre-trial conference held on July 12, 2005 and with court denying their motion to continue (res judicata and collateral estoppel) on August 17, 2005. Certainly, "the chronology of the case speaks volumes of the lack of timeliness." Wolf v. Reliance Standard Life Ins Co., 71 F. 3d at 450 (internal citations omitted).

As this Court recently stated, even if the defense has merit and plaintiffs' counsel may have some awareness that it might be raised, "we must not countenance attempts to invoke such defenses at the eleventh hour, without excuse and without adequate notice to the plaintiff." In re: Cumberland Farms, Inc., 284 F. 3d at 227. The defendants had plenty of notice of this pending civil rights law suit and did not object to it at the state level, nor did they object to this suit at the state appeals level. The state court's decision never mentioned a civil rights violation. The

plaintiff never made a formal claim at the state level on constitutional grounds, because it was a two to three step procedure which in the end would be like filing two cases anyways. The plaintiff substantive due process rights were prejudiced by this delay, because the defendants tossed this out in the last minute.

Furthermore, the defendants did not raise the defense of res judicata or collateral estopple or any of their other fourteen affirmative defenses at the pre-trial conference held on July 12, 2005. See generally Gorlikowski v. Tolbert, 52 F. 3d 1439, 1443-44 (7th Cir. 1995) ("Because the parties rely on the pretrial conference to inform them precisely what is in controversy, the pretrial order is treated as superseding the pleadings and established the issues to be considered at trial."). Rather, they raised it less than three weeks before trial to which this court denied defendants motion and then, orally, on the first day of trial. Then however it was too late. The plaintiff had long prepared for trial.

The defendants clearly waived this defense and were not entitled to its benefit. See Jakobsen v. Massachusetts Port Auth., 520 F. 2d 810 (1st Cir. 1975) (defendant's failure to plead and belated assertion at close of evidence of defense that their liability was limited to $5,000 under Massachusetts Law caused waiver of same); Badway v. United States, 367 F. 2d 22, 24-25 (1st Cir. 1966) (even if defenses had merit, defendant not entitled to benefit where it did not set them forth in pleadings). They proceeded all the way through pre-trial conference without raising the defense, clearly showing a willingness to proceed on the merits. Harvey by Blankenbaker v. United Transp. Union, 878 F. 2d 1235, 1243-1244 (10th Cir. 1989), cert. denied 110 S. Ct 1121, 493 U.S. 1074, 107 L.Ed.2d 1028. It stands to reason that acquiescence to a suit, seeking discovery, attending pre-trial conference and going to trial by a defendant will work as a waiver inasmuch as the doctrine of res judicata is founded upon consideration of fairness and efficient judicial administration. See generally Chestnut Hill Development Corp v. Otis, 739 F.Supp. 692, 697 (D. Mass. 1990). Here, the defendants' late raising of the defense thwarted and nullified the purpose of the doctrine. It did not spare the parties, or the court, the burdens of litigation. There was no reason to give the benefit of this defense on the day of trial to the great detriment of the plaintiff.

Under the doctrine of res judicata disfavors claim splitting and bars subsequent actions on the same claim. Where a claim has been split, a final judgment on part of the claim (current matter before MA Appeals Court) will not bar the other parts of the claim the parties have agreed

in terms or in effect that the plaintiff may split its claim, or the defendant has acquiesced therein.... Further, the failure of the defendants to object to the splitting of plaintiff's claims is effective as an acquiescence in the splitting of the claim. At the state level the defendants failed to object to plaintiff stating that he would proceed with the constitutional claims in the near future.

In determining whether facts were adjudicated in prior cases for res judicata purposes, it is necessary to look beyond captioned of pleading and examine entire record of first case to determine whether issues involved in present case were actually raised, litigated, and carefully deliberated in first case. See <u>Albano v. Jordon Marsh Company</u> Mass.App.,362 N.E.2d 219. As you will see by the enclosed evidence the state case is strictly focused on the state issue and not the federal issues that are before this court. Not once in the state court's decision does it indicate equal protection or freedom of speech. The decision is focused on arbitrary and capriciousness. Please see state case analysis below.

Finally by having this court first deny defendant's motion to continue on August 17, 2005, then having defendants have a second bite at the apple on the day of trial tantamounts to an abuse of discretion for overlooking a material factor. See <u>Coutin v. Young & Rubican P.R.., Inc.,</u> 124 f.3d 331, 336 (1st cir. 1997). In addition, this court erred by not having defendants unveil the whole state record to determine if federal issues before this court were fully adjudicated at the state level as required by law. The defendants only introduced portions of the state record to this court. Res judicata is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements". See <u>Cochrane v. Cochrane</u>, 22 N.E.2d 6, 9 (Mass. 1939) and <u>Nwosun v. Gen. Mills Rests., Inc.,</u> 124 F.3d 1255, 1257 (10th Cir. 1997). The defendants did not satisfy the elements as required by law. Again the delay was unnecessary and severely prejudiced the plaintiff.

By giving to the defendant's belated assertion of this defense, the defendants were improperly permitted to "lie behind a log and ambush the plaintiffs with an unexpected defense," <u>Venter v. City of Delphi</u>, 123 F. 3d 956, 968 (7th Cir. 1997). My question to this court is, when are the defendants going to raise the other fourteen or so affirmative defenses? There is no justification for the continuance and the plaintiff suffered prejudice as a consequence of it.

The claim by Donovan against the defendants for violating his rights to free speech and rights to equal protection are not precluded from deposition of the pending state case.

### III.  State Case Analysis:

In the complaint of Peter J. Donovan v. City of Woburn et. al docket 03-3568 filed in Middlesex Superior Court that is now on appeal to Massachusetts Appeals Court did mention the issues Donovan raised in federal court. But no formal claims were sought on constitutional violations because Donovan had only 60 days to file a complaint in state court to meet the statutory deadline. The federal issues needed more time for analysis and details as required by law. Donovan mentioned these issues in state court because they existed in the June 1996 case (freedom of speech and due process) that was remanded back to city of Woburn in June 2000 and because they still exist today. Donovan wanted the state court to be aware of these constitutional violations but not to decide on them. He wanted them to focus on the arbitrary and capricious issue only which was spelled out in his motion for summary judgment in the state case. In the case of *Employee v. Windsor* 353 U.S. 364 is not to be read as meaning that a party must litigate his federal claims in state court, but only that he must inform those courts what his federal claims are, so that the state statue may be construed, "in light of" those claims. Also see *England v. Medical Examiners* 375, U.S. 411.

The state court matter was the finale leg (ten year battle) of the administrative law process under state law. It was filed under a nature of certiorari, MGL. c. 249 s.4. An action under this law lies only where the petitioner has exhausted all administrative remedies. It is a procedure that is limited in scope to which a single justice determines errors of law or proceedings based solely on the administrative record. No jury is allowed. Discovery is limited at this level. You have 60 days from receipt of the local decision to file a complaint under this law.

The state court under this procedure will not consider other evidence that is not part of the administrative record. For example, in regards to Wentworth's survey. The court allowed his survey results to be entered and outright disregarded plaintiff's survey results and disregarded evidence that shows that Wentworth's survey was technically flawed and clearly wrong.

For Donovan to proceed with a civil rights complaint in addition to filing a writ of certiorari in state court would be a two or three step process. Step One - would include a single justice reviewing the administrative record and making a determination on error of law or

8

procedure. Step Two - after decision from step one – if appeal is warranted the lower court would probably stay hearing on civil rights issues until appeal is complete. Step Three – you would have to conduct full discovery, put forth pre-trial motions, attend pre-trial conferences and have jury selection for civil rights portion of case.

Or, Donovan could have filed the initial case in federal court. Federal court would of remanded state issue (license matter) to state court and hear federal issues before a jury. See Burnham, et. al. v. City of Salem et. al. (USD 98-11997-REK). The end result is the same. At a minimum two steps would have to be accomplished for any court to hear this case. There is no duplicating of processes and no re-litigating old claims. By Donovan filing the federal complaint was step two of a process that had to be taken anyways. Plus, when this case was filed there was a Federal RICO Claim made by Donovan. RICO is a federal issue to which state courts tend to avoid.

**IV.   State and Federal Claims and Party Analysis:**

**A.   STATE COURT COMPLAINT CLAIMS**

    1. Count I – Arbitrary and Capricious
    2. Count II – Abuse of Process and Decision Made With Malice Power

**B.   CURRENT ISSUE BEFORE STATE APPEAL COURT**

    1. Arbitrary and Capricious

**C.   FEDERAL COURT CLAIMS**

    1. Count I – Breach of Contract
    2. Count II – Negligence
    3. Count III – Equal Protection
    4. Count IV – Free of Speech
    5. Count V - Conspiracy
    6. Count VI – Fraud and Willful Deception
    7. Count VII -   Federal Civil RICO Act
    8. Count VIII - Intentional Infliction of Emotional Distress

**No claim between the state and federal cases are identical which is required by law.**

**D.   CURRENT ISSUES BEFORE FEDERAL COURT**

1.  May 2001 decision - City Solicitor to deny Donovan zoning – free speech.
2.  May 2001 decision - WLC to deny Donovan's company liquor license – free speech.
3.  November 2001 decision - Building Commissioner to deny Donovan zoning – free speech.
4.  May 2002 decision - Building Commissioner to deny Donovan zoning – free speech.
5.  July 2003 decision - WLC to deny Donovan liquor license – freedom of speech and equal protection.

**The state and federal issues are not identical as required by law.**

### E.   PARTIES

State Court:

The parties in the state court are as follows; The City of Woburn, Woburn License Commission, Paul Wentworth, Owen McCaffery and J. Kevin Maguire.

Federal Court:

The parties in the federal court are as follows; The City of Woburn, Woburn License Commission, Paul Wentworth, Owen McCaffery, J. Kevin Maguire, Steve Paris and Edward Robertson.

**The parties are not identical as required by law.**

### V.   CONCLUSION

There has never been a full and fair opportunity to litigate the federal issues brought before this court in state court as required by law. Donovan has requested that Massachusetts Appeals Court remand matter to federal court once it decides on state issue.

Arbitrary and Capricious is the only issue before Massachusetts Appeals Court. The other issues before this court have nothing to do with the state matter what's so ever. Not all actions in federal court were derived from the same action pending before state appeals court. And, even though some of the parties are the same, the parties are different.

This court may in its discretion consider res judicata issues raised by motion to dismiss, if substantive rights of parties are not endangered. The plaintiff's rights in this matter are

substantially endangered.  Number one the state court did not address the constitutional issues before it, nor did they attempt to.  The state court procedure was limited in scope and would require a two or three step approach before it would hear the constitutional issues that are before this court. Donovan made the right choice by filing this suit in federal court to address federal issues only.  The end result would be the same and he is not duplicating any efforts by filing this federal complaint.

In Puckett v. Cox, it was held that a pro-se complaint requires a less stringent reading than one drafted by a lawyer (456 F2d 233 (1972 6th Circuit USCA) said Justice Black in Conley v. Gobson. 355 U.S. at 48 (1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits".  According to rule 8 (f) FRCP all pleadings shall be construed to do substantial justice."

It could also be argued that a civil rights action or other lawsuit is which a serious factual pattern or allegation of a cause of action has been made would itself be violative of procedural due process as it would deprive a pro-se litigant of equal protection of the law visa vis a party who is represented by counsel.  In a fair-system, victory should go to a party who has a better case, not the better representation.

For the foregoing reasons the plaintiff respectfully request, at a minimum, this Honorable Court stay matter until Massachusetts Appeals Court decides state issue.  Or schedule a new trial date on the federal issues before this court, because the state's case has no bearing on these issues.

Plaintiff schedule is open in November and December 2005.  Plaintiff also asks this court to continue to enforce subpoena that have been issued.

**ADDITIONAL CASES:**
1. Robert E. Lynch v. Board of State Examiners of Electricians (USD MA 02-10119-RBC)
2. H. Charles Tapalian v. Town of Seekonk (USD MA 00-12389-PBS)
3. John and Susan Baker v. Trudy Coxe et al (USD MA 95-12477-PBS)
4. Lillian Desilva v. Zoning Board of Appeals of Seekonk (MA AP CT 02-P-1382)
5. Costello v. Hayes, 144 N.E 368, 370 (Mass. 1924)

Dated: September 8, 2005

_____
Peter J. Donovan
35 Longmeadow Road
Arlington, MA 02474
781-643-2848

**Certificate of Service**

I, Peter J. Donovan, mailed a copy of this motion on September 8, 2005 to Defendants Attorney. Signed under the pains and penalty of perjury.

_____
Peter J. Donovan

## *EXHIBITS*

| | |
|---|---|
| A. | Defs. Amended Rule 16.1 Joint Statement |
| B. | August 17, 2005 court decision denying motion for continuance |
| C. | Defs. answer to state complaint |
| D1. | Plts. Motion for summary judgment (state case) |
| D2. | Plts. Memorandum in support of his summary judgment (state case) |
| E1. | Defs. Opposition to plaintiff's summary judgment (state case) |
| E2. | Defs memorandum in support of opposition (state case) |
| F1. | Defs memorandum in support of their cross motion for summary judgment |
| F2. | Defs. Statement of undisputed facts (state case) |
| G. | Court Transcripts regarding summary judgments (state case). |
| H. | Court's Decision (state case) |
| I. | Plts motion for reconsideration (state case). |
| J. | Defs. Opposition to reconsideration (state case) |
| K. | Defs. Brief to appeals court (state case). |
| L. | Plts. Brief to appeals court (state case). |
| M. | Appeals Court docket (state case) |
| N. | Front page news article regarding this case dated 8/30/2005. |