UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER J. DONOVAN pro se,    ) <br>     Plaintiff,    ) <br>     ) <br> V.    ) <br>     ) <br> CITY OF WOBURN, CITY OF    ) <br> WOBURN LICENSE COMMISSION,    ) <br> PAUL WENTWORTH, J. KEVIN    ) <br> MAGUIRE, OWEN MCCAFFREY,    ) <br> STEVE PARIS AND EDWARD    ) <br> ROBERTSON,    ) <br>     Defendants.    ) | C.A. NO.: 04-10614RWZ |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Now come the defendants and respectfully request this Honorable Court deny the plaintiff's motion for reconsideration and request for a jury trial in this matter. The defendants state that they properly pled the affirmative defense of res judicata and properly raised the defense immediately prior to trial. The defendants respectfully request this court dismiss this action.

A party's failure to set forth the affirmative defense of res judicata in its answer generally constitutes a waiver of the defense and its exclusion from the case. Fed.R.Civ.P. 8 (c); Wolf v. Reliance Standard Life Insurance Company, 71 F.3d 444, 449 (1st Cir. 1995), *citing*, Conjugal Partnership v. Conjugal Partnership, 22 F.3d 391, 400 (1st Cir. 1994). "An affirmative defense must be pleaded in the answer in order to give the opposing party notice of the defense and a chance to develop evidence and offer evidence and offer arguments to controvert the defense." Id., *citing*, Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1226 (1st Cir. 1994).

The defendants pleaded res judicata as an affirmative defense in both the answer to the original complaint as well as the answer to the amended complaint. In his motion, the plaintiff does not dispute the fact that the defendants pled the affirmative defense, his quibble appears to be the fact that it was one of fourteen affirmative defenses raised by the defendants. The number of affirmative defenses raised is irrelevant. The defendants properly raised the defense in their answer and may assert the defense.

The plaintiff asserts, based on Wolf, *supra*, that the defendants' raising of the res judicata issue three weeks prior to trial and on the day of trial undermines the core purpose of Fed.R.Civ.P. 8 (c), which is to act as a safeguard against surprise and unfair prejudice. He further argues that the defendants' alleged untimely raising of the defense contravenes the purpose of Rule 8 (c) "to give the opposing party notice of the defense and a chance to develop evidence and offer arguments to controvert the defense." In re: Cumberland Farms, Inc., 284 F.3d 216, 226 (1st Cir. 2002).

The plaintiff misreads the intent of Rule 8 (c). "Rule 8 (c) is designed to provide plaintiffs with adequate notice of a defendant's intention to litigate an affirmative defense, thereby affording an opportunity to develop any evidence and offer responsive arguments relating to the defense." Davignon v. Clemmey, 322 F.3d 1, 15 (1st Cir. 2003), *citing*, Knapp Shoes, Inc., *supra*. The defendants raised the defense in the answer, thereby putting the plaintiff on notice from the beginning of the action of their intent to litigate the issue of res judicata. That the defendants subsequently raised the issue should be of no surprise to the plaintiff as he was aware of the defense approximately sixteen months prior to trial. As long as the affirmative defense is pleaded in the answer the plaintiff cannot

assert that the raising of the defense thereafter is either a surprise or unfair prejudice.  See Fed.R.Civ.P. 8 ( c); See also Knapp, *supra*.

Further, given the assertion of the res judicata affirmative defense, the defendants had the right to file a Fed.R.Civ.P. 50 (a) motion for Judgment as a Matter of Law, on the grounds that the case was barred by res judicata, at any time prior to the submission of the case to the jury.  Fed.R.Civ.P. 50 (a).

Wherefore, the defendants respectfully request this Honorable Court deny the plaintiff's motion for reconsideration and dismiss the plaintiff's complaint.

Respectfully submitted,

Defendants,
By their attorneys,

/s Andrew S. Brooslin

Leonard H. Kesten, BBO No.: 542042
Andrew S. Brooslin, BBO No.: 638238
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: September 28, 2005